# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| GREGORY ALAN APPLEGATE, | CASE NO. 05-67759 |
| Debtor. | JUDGE RUSS KENDIG |
| | **MEMORANDUM OF OPINION ON MOTION TO AUTHORIZE TRUSTEE TO COMPROMISE AND SETTLE CERTAIN CLASSES OF CLAIMS (NOT INTENDED FOR PUBLICATION)** |

This matter is before the court on the Motion of the Trustee for an Order Authorizing Him to Settle Certain Classes of Claims Without Further Notice or Hearing, filed with this court on October 9, 2007. Trustee filed the instant motion under Fed. R. Bankr. P. 9019(b).

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding to the extent it pertains to the administration of the estate under 28 U.S.C. § 157(b)(2)(A); the underlying adversary proceedings affected by the instant motion are also core proceedings under 28 U.S.C. § 157(b)(2)(F) and (H).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND AND PROCEDURAL POSTURE

Debtor was engaged in running a Ponzi scheme, primarily in Ashland, Ohio and the vicinity. He was forced into bankruptcy by involuntary petition on October 11, 2005.

Trustee has currently filed eighty-six adversary proceedings to recover property from prepetition transferees, some as preferential transfers and others as fraudulent transfers. Because of the likelihood of numerous settlements and the prospective administrative burdens of complying with the requirements of Rule 9019(a) in all such instances, Trustee brought the instant motion under Rule 9019(b), proposing classes of controversies and terms upon which Trustee requests authority to settle with the defendants in that class without further notice or hearing. At the hearing, Trustee noted both the number of adversaries at that time likely to be

filed (since actually filed) and the fact that, because Ashland is such a small community,[1] it would be good to have some kind of organized framework for handling settlements because of a concern that enough affected individuals in this case actually know one another that comparisons among themselves regarding who got a "better deal" would be all but inevitable. The provisions are complex and the following overview is intended to summarize only the most significant features of the proposal.

The motion primarily divides transferees along two lines: preferential transfers vs. fraudulent transfers, and claims of under $100,000.00 vs. claims of $100,000.00 or greater. Two structural elements of the settlement, in turn, are common among each potential grouping along the aforementioned lines: first, a waiver option, and second, an escalator clause. These involve not matters of initial categorization, but rather, decisions to be made by adversary defendants. The first provision is a waiver option: Trustee requests the authority to give transferees a choice: settle at one amount and maintain the claim against the estate, or settle at a lesser amount but waive the right to file a proof of claim.

The escalator clause is not a clause per se, but a structural artifact of the proposed pre-authorized settlement terms: the terms under which Trustee requests authority to settle expeditiously get harsher for transferees as time progresses after the granting of the instant motion.[2] (Trustee's Mot. ¶¶ 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, and 12.7.) For example, the recipient of a preference under $100,000.00 could settle for 80% of the value of the transfer (and preserve his claim against the estate) if done within 30 days; however, that percentage would rise to 85% 31 days after the granting of this motion, 90% after 61 days, and 100% after 91 days. In other words, if a preferential transferee does not settle within three months, the settlement offer is essentially off the table. A recipient of a preferential transfer of $100,000.00 or more could settle for 90% within 30 days or 95% within 60 days; after 61 days, that percentage, too, rises to 100%. The Trustee justifies this vice-tightening provision by stating that it will minimize the administrative costs to the estate to resolve each claim and provide an incentive for each defendant to settle. (Trustee's Mot. ¶ 25.)

## LEGAL ANALYSIS

One of the duties of the Trustee in a Chapter 7 case is to "collect and reduce to money the property of the estate for which such trustee serves, and close such as estate as expeditiously as compatible with the best interests of the parties in interest." 11 U.S.C. § 704(a). Compromise and settlement are favored in bankruptcy to reduce the cost of litigation and expedite its administration. See, e.g., In re West Pointe Properties, L.P., 249 B.R. 273, 282 (Bankr. E.D.Tenn. 2000). The Federal Rules of Bankruptcy Procedure require court approval of compromises and settlements. Fed. R. Bankr. P. 9019. The default rule in such cases is that court approval is only to be given after notice and a hearing. Fed. R. Bankr. P. 9019(a). However, Fed. R. Bankr. P. 9019(b) provides a mechanism to "pre-approve" settlements of

---

[1] As of the 2000 census, there were only 21,249 people in the City of Ashland and 52,523 people in the entirety of Ashland County.

[2] In the case of an adversary proceeding not yet filed, the date of filing, rather than the date of the accompanying order, is to be used as the initial date for calculating claim aging.

2

claims that might be too numerous for efficient administration under the requirements of 9019(a). Rule 9019(b) provides that, "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settled controversies within such class or classes without further hearing or notice." The subsection "permits the court to deal efficiently with a case in which there may be a large number of settlements." Fed. R. Bankr. P. 9019 Advisory Committee Note (1983). This case clearly meets the latter definition. The appropriateness of invoking Rule 9019(b) is not in question.

In bankruptcy cases, compromises between the debtor and his creditors must be approved by the bankruptcy court as fair and equitable. Protective Committee for Independent Stockholders of TMT Trailer Ferr v. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d. 1 (1968). The decision to accept or reject a proposed settlement lies within the sound discretion of the bankruptcy court and will only be overturned if such discretion is abused. In re Albert-Harris, Inc., 313 F.2d 447, 449 (6th Cir. 1963). The court is to determine whether the proposed settlement is in the "best interest of the estate," McGraw v. Yelverton (In re Bell & Beckwith), 87 B.R. 476, 478, a test which the court applies by considering four factors:

(1) The probability of success in litigation;

(2) The difficulties, if any, to be encountered in collecting any judgments that might be rendered;

(3) The complexity of the litigation involved, as well as the expense, inconvenience, and delay necessarily attendant to the litigation; and

(4) the paramount interests of creditors with proper deference to their reasonable views.

Id. The Trustee's motion has tried to take into account each of these factors individually. For example, the terms for settling preference claims are substantially stricter than those for settling fraudulent transfer claims, based on the reasonable assessment that preference actions are more "cut and dried" than fraudulent transfer actions and much more likely to result in recovery were the underlying adversaries litigated fully. The interests of creditors are served by reducing the overall number of creditors (due to the number of transferees likely to accept the waiver option) and incentivizing adversary defendants to settle.

Most of the proposed settlement terms are unobjectionable and can confidently be said to be in the best interest of the estate and creditors.

The one provision that gives the court some pause is the escalator clause. None of the cases cited by Trustee involve such a proposal to gradually close the door on settlement the longer a defendant holds out. While compromises are favored in bankruptcy and the court is duly concerned with the paramount interests of creditors, it cannot also be denied that the vice-tightening effect of this provision could deter adversary defendants from pursuing rights to which they are entitled under law–both the right to take their case to trial and the right to negotiate for other settlement terms than those enumerated in Trustee's motion, particularly if there are variations in the facts. Given that the court's primary concern is the best interests of the

3

estate–the rights of adversary defendants are conspicuously absent from the list of factors for consideration under Bell & Beckwith–this might, on first blush, appear to be of little concern to the court. Indeed, the court does not consider this a factor to be used in determining whether to approve Trustee's motion; the motion will be granted. The court here is concerned more with the likely perception–or possible misperception–of this ruling than any weakness of its legal merits. Most of the people affected by the Applegate Ponzi scheme are not sophisticated litigants, many are *pro se* litigants,[3] and to state that most members of the community are not well versed in the mechanics of Rule 9019(b) motions would be a dramatic understatement. The court understands that Trustee wants to incentivize settlement and that there may be reasons to pursue settlements as close to uniform from one similarly situated defendant to the next as possible. However, the court is equally concerned that, misinterpreted, Trustee's motion–and an order granting–could be misinterpreted, particularly given the effect of the escalator clause–as a door closing on *all* settlement rather than a door closing only on settlement without further need for the involvement of the court. It may or may not be that the Trustee does in fact intend its motion to outline a take-it-or-leave-it offer, but it must be made explicit that the court's order does not reach so far (either to endorse or prevent such a bargaining position on the part of Trustee). The court is determined to be cautious in order to prevent its order on this motion from becoming something it is not. It is *permission* to settle *without further notice or hearing*. It neither *mandates* any settlement nor *precludes* any settlement, except insofar as other settlements on other terms will still require approval of this court under Rule 9019(a).

Similarly, most of the complaints contain different causes of action, preferences and fraudulent transfers. Nothing in this order restricts anyone from settling one claim but not the other.

An order granting Trustee's motion, with the court's reservations, shall therefore be entered concurrently with this opinion.

DEC 1 2 2007      /s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

---

[3] Four *pro se* objections were filed to the instant motion, and this was before the adversaries were filed.

4

05-67759-rk    Doc 264    FILED 12/12/07    ENTERED 12/12/07 09:49:37    Page 4 of 9

**Service List**:

Gregory Alan Applegate
1671 State Rte. 60
PO Box 954
Ashland, OH 44805

Anthony J. DeGirolamo, Trustee
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702

Day Ketterer Raley Wright&Rybolt
PO Box 24213
200 Market Ave N
Canton, OH 44702

James W. Ehrman
David S. Blocker
John P. Archer
Mary K. Whitmer
Kohrman Jackson & Krantz PLL
One Cleveland Center, 20th Floor
1375 East Ninth Street
Cleveland, OH 44114-1793

Suzana Krstevski Koch
Porter Wright Morris & Arthur
925 Euclid Ave.
Suite 1700
Cleveland, OH 44115

Robert Joseph Harpster, Jr.
850 Berry Street
Ashland, OH 44805

William E. Harner
Elizabeth J. Harner
849 Co. Rd. 1904
Ashland, OH 44805

Timothy L Schar
Ann Beckert Schar
1451 Co. Rd. 1575
Ashland, OH 44805

Richard Mullins
Neally Taylor Mullins
894 Township Road 754
Ashland, OH 44805

William Mast
Dorothy Mast
864 Country Club Lane
Ashland, OH 44805

Carol Gutchall
27 Marvin Avenue
Shelby, OH 44875

Schay Investment Club
c/o Raymond Smith
2518 State Rt. 511
Perrysville, OH 44864

Kenneth W. Etzwiler
1513B Co. Rd. 995
Ashland, OH 44805

Michael McNaull
1025 Co. Rd. 601
Ashland, OH 44805

Mary McGovern
P.O. Box 23
Jeromesville, OH 44840

Patricia L. Smith
1486 Co. Rd. 995
Ashland, OH 44805

Charles Ames
737 East 7th Street
Ashland, OH 44805

Larry Scott
1194 Hunters Walk
Ashland, OH 44805

Carl Roloff
1653 St. Rt. 60
Ashland, OH 44805

Jeffrey S. Rickel
P. O. Box 1022
Ashland, OH 44805

Ronald Augenstein
Bonnie Augenstein
1072 Orange Rd
Apt. 975
Ashland, OH 44805

Betty Wickham
239 Plymouth Lane
Ashland, OH 44805

Nelson Bostic
Janice Bostic
614 Twp. Rd. 1804
Ashland, OH 44805

James Witmer
Marilon Witmer
627 Co. Rd. 1302
Ashland, OH 44805

Ralph E. Smith Trust
Canal Skiecamp
260 U.S. 441 SE
Okeechobee, FL 33474

Eva Ames
737 East 7th Street
Ashland, OH 44805

Kent McGovern
1567 Township Road 355
Jeromesville, OH 44840

Cindy C. Jones
4606 Summer Oak Ave., Apt. 626
Sarasota, FL 34243

Dewey Sheppard
Donna Sheppard
Sheppard Family Revocable Trust
c/o Dewey and Donna Sheppard
1317 Orange Road
Ashland, OH 44805

Bonnie Rickel
7394 SR 97
Lot 37
Mansfield, OH 44903

Ashland County Board of Realtors
19 West Main St. Rms 11 & 12
Ashland, OH 44805

Keith Hoverstock
2006 Mohican Twp. Road 406, Apt. #1
Jeromesville, OH 44840

Michelle Bauer
2010 Townline Road 12
Willard, OH 44890

Kathleen Henson
1145 Shady Lane
Ashland, OH 44805

Roger Miller
712 Ashland Ave.
Ashland, OH 44805

Donna Stackhouse
738 East Seventh Street
Ashland, OH 44805

Barbara Holton
755 Hickory Court
Ashland, OH 44805

Rhonda Householder
1107 Hillcrest Drive
Ashland, OH 44805

Randy Sprinkle
1247 Twp. Rd. 1506
Ashland, OH 44805

Bonnie Bright
139 College Ave.
Ashland, OH 44805

Lori Sprinkle
1247 Township Road
Ashland, OH 44805

Diana M Thimmig
Roetzel & Andress
1375 E. Ninth St
One Cleveland Center
9th Floor
Cleveland, OH 44114

Rodger Kaufman
956 State Route 302, Rd. 3
Ashland, OH 44805

Sharlene Sprinkle
1247 Twp. Rd. 1506
Ashland, OH 44805

Jerry Weiss
1005 Country Club Lane
Ashland, OH 44805

Pam LaRue
920 Ridge Road
Ashland, OH 44805

Jannifer R. Kaufman
956 State Rte 302
Ashland, OH 44805

Vicky Weir
295 Neuman Ave.
Galion, OH 44833

Janet Labus
8011 Spieth Rd.
Litchfield, OH 44253

Michael Wolfson
1842 Mifflin Avenue
Ashland, OH 44805

LuAnn LaRue
920 Ridge Rd
Ashland, OH 44805

Andy Rickel
1317 Twp. Rd. 1656
Ashland, OH 44805

Cindy Litten
1170 Robinson Ave
Coventry Township, OH 44203

Daniel K Anderson
1039 Orange Rd, #713
Ashland, OH 44805

Peg Pelton
Ashland, OH 44805

Tricia K Applegate
453 Forestdale Avenue
Ashland, OH 44805

Sandra Garrett
3869 N. Vine Ave.
Tucson, AZ 85719

Frances Witmer
627 Co. Rd. 1302, R.D. 2
Ashland, OH 44805

Cathy Applegate
201 W. Washington St.
Ashland, OH 44805

Sally Balcomb
415 US Rt 250 E
Ashland, OH 44895

Stanley Hess
1697 County Rd 655
Ashland, OH 44805

Diana Johnson
1068 Co. Rd. 601
Ashland, OH 44805

Annette Silvers
15398 Co. Rd. 44
Goshen, IN 46528

Sheila Anderson
1171 County Road 2075
Ashland, OH 44805

K. M. Kelley
1878 County Rd 655
Ashland, OH 44805

Robert Clark
322 Lindale Avenue
Ashland, OH 44805

Jack Hardesty
1709 Co. RD. 1095
Ashland, OH 44805

Sue Nixon
204 Mill Street
New Lexington, OH 43764-1392

Philip Kocab
580 St Rt 511
Ashland, OH 44805

Mildred Sigler
1969 County Road 1155
Ashland, OH 44805

Frances Leibolt
380 Lake Drive
Ashland, OH 44805

Ed Butram
163 U.S. Highway 250
Polk, OH 44866

Wayne E. Schmidt
122 Sloan Avenue
Ashland, OH 44805

Dale Arnold
593 County Road 30-A
Jeromesville, OH 44840

Mark Hoverstock
747 Ohio St.
Ashland, OH 44805

Rosa Weist
P.O. Box 537
Cromwell, IN 46732

Irving Oslin
40 East 2nd Street
Ashland, OH 44805

Hubert A Huston
2945 Twp. Rd. 659
Loudenville, OH 44842

Christina Barker
16 East Main Street
Ashland, OH 44805

Paul Reece
537 Pershing Avenue
Galion, OH 44833

Timothy Stoops
1309 OldePost Rd.
Ashland, OH 44805

Ronald Blessing
466 Twp. Rd. 462
Sullivan, OH 44880

Michael Cameron
412 Quarry St.
Ashland, OH 44805

Michael Spreng
1205 Applewood Court
Ashland, OH 44805

Ramona Rogers
2321 Deer Trail Lane
Ashland, OH 44805

Ramona Rogers
412 US Rt 250E
Ashland, OH 44805

Cynthia J Smith
4891 Destination Court
Apt. 311
West Chester, OH 45069

Kimberlee Winbigler
1378 Twp. Rd. 593
Ashland, OH 44805

Telah Smith
1145 North Columbus Circle
Ashland, OH 44805

Gregory Wood
Beth Wood
709 West Main Street
Ashland, OH 55805

Joe Krause
Cheryl Krause
775 Township Road #2
Ashland, OH 44805

Cassie Wagner
1161 Rd. 24
Continental, OH 45831

Martha Young
57 Samaritan Avenue
Ashland, OH 44805